## Milican Arnold et al.
## v.
## Elizabeth Franklin.

1. Promissory note—Want of consideration—Gift.—A note executed and delivered as a gift, is without a valuable consideration, and will not support an action either at law or equity.

2. Service of child after majority.—The mere fact that a child lives with her parents after reaching majority, raises no obligation to pay for services thereafter rendered as a member of the family, and such services cannot be presumed to constitute a consideration for a note given long after.

Error to the Circuit Court of Clay county; the Hon. John H. Halley, Judge, presiding.

Messrs. Hagle & Finch, for plaintiffs in error; that the note was simply a gift and cannot be enforced, cited 1 Parsons on Contracts 201; 2 Kent's Com. 618; Pope v. Dodson 58 Ill. 360; Blanchard v. Williamson, 70 Ill. 652.

Even if given for services rendered long before, it is an imperfect gift; the intention of the father was never carried into effect, and his estate is not liable: Freeman v. Freeman, 65 Ill. 106.

The husband was not a competent witness in favor of his wife: Rev. Stat, 1874, 488; Crane v. Crane, 81 Ill. 165.

Tanner, P. J. This cause was submitted to a jury at the October term, 1877, of the Clay Circuit Court.

The appellee sought to recover against the executors of the last will and testament of Carter Arnold, deceased, the amount

of a promissory note executed by the testator, on the 8th day of November, 1876, for $200, and payable one day after date, for value received.

The jury returned a verdict for appellee, and assessed her damages at $211.30. The appellants moved for a new trial, but the court overruled the motion and rendered judgment upon the verdict in favor of the appellee and against the appellants for two hundred and eleven dollars and thirty cents and costs. The appellants bring the cause to this court by appeal, and assign for error the giving of an improper instruction to the jury on behalf of the appellee, and the refusal to give the third instruction asked for on behalf of appellants. That the verdict of the jury was against the evidence, and a new trial should have been given to the appellants.

All these assignments of error we think are well taken. The evidence upon which the judgment rests is as follows:

General Howard Franklin testified: Know the parties; knew Carter Arnold in his lifetime. He was my mother's father. (Note handed to witness, and he asked about the execution thereof.)

Grandfather was at our house the day of the last presidential election, and staid over night; at about four o'clock the following day, while I was at the barn, he (Carter Arnold) called me to the house. I went. He was sitting on the bed (being in poor health), and my father and mother were in the room, Grandfather said he wanted me to write him a note. He dictated the note and I wrote it. He told me to sign his name to the note, and I did so, and he made his mark.

On cross-examination stated: Do not know of grandfather getting anything for the note.

Note offered in evidence and read to the jury:

"November 8, 1876. I promise to pay Elizabeth Franklin the sum of two hundred dollars, due one day after date, for value received.

"CARTER ARNOLD."

William J. Franklin testified: "Am the husband of plaintiff." Witness objected to by defendant as incompetent. Objection overruled; exceptions taken. Witness then testified:

Arnold et al. v. Franklin.

" Carter Arnold came to our house the day of last presidential election; staid over night.  The next day in the afternoon, the old man said he wanted to give Elizabeth something, but that he did not then have any money by him, but he would give her a note for $200.  She said, ' No, father, you need not mind doing that.'  He replied, ' Yes I will;' and he went to the door, called my son in, told him to write a note.  He asked, ' What for?'  The old man made no reply.  He then dictated and my son wrote the note, and he handed it to her (plaintiff).  He did not say for what purpose he wanted to give her the $200.  My wife, the plaintiff, staid at home with her father after she was of age, until she was twenty-five years old, before she and I were married; that was some twenty odd years ago."

Upon this evidence the court gave, against the objection of the appellants, to the jury the following instruction: " The court instructs the jury, that if you believe, from the evidence, that the deceased, Carter Arnold, gave the note in question in consideration of services rendered by his daughter before marriage, you should find for the plaintiff, and assess her damages at the amount of the note with interest at six per cent. from due."

The appellants then asked the court to instruct the jury, " that the mere fact that the plaintiff resided with her father after she was of age does not make him liable for her services during such time, unless the proof shows that it was in pursuance of a contract or at his request."

This instruction was refused, and the appellants excepted to the ruling of the court.  The evidence fails to establish a contract, either express or implied, to pay for services rendered by appellee to the deceased.  There is no evidence tending to show an express agreement to pay for services, and the mere fact that a child lives with parents after reaching majority raises no obligation to pay for services thereafter rendered as a member of the family, and therefore such services cannot be presumed to constitute a consideration for the note in suit.  Freeman v. Freeman, 65 Ill. 106.

The testimony shows clearly that the father desired to make a gift to the appellee of money, but having no money on hand he

executed and delivered the note as a gift.   The note therefore
was executed and delivered without a valuable consideration,
and will not support an action either in law or equity.  2 Kent,
438; 2 Pars. B. & N. 54; Blanchard v. Williamson, 70 Ill. 652.

The court erred in giving the instruction for appellee, and
refusing to give the third instruction asked for by appellants,
and should have set aside the verdict of the jury and allowed
a new trial.

For the several errors indicated the judgment of the Circuit
Court must be reversed and the cause remanded.

Reversed and remanded.