ELNORA T. DENTON v. BENJAMIN SMITH AND ELIZA C. SMITH.

*Replevin—Evidence of effort of defendant to induce surety on plaintiff's bond to withdraw therefrom—Admissible as tending to show defendant's interest, and affecting his credibility—Value of cow—Testimony of witness as to knowledge of animal, and to milking her a year before commencement of suit—And his opinion as to her value at that time—Has some bearing on the value of the cow when replevied—May be considered by the jury with other evidence of such value—Demand—By owner of property seized under a chattel mortgage given by a third party—Not necessary before bringing replevin suit.*

1. A witness was allowed to testify on the trial of a replevin suit that one of the defendants requested him to see the surety on plaintiff's bond, and " scare him out of being such bail " by telling him that the suit was likely to go against the plaintiff and he would have the costs to pay.

   *Held,* that the testimony was admissible as tending to show the *interest* of the defendant in the suit, and as affecting his *credibility.*

2. In a replevin suit involving the value of a cow a witness was allowed to testify to his knowledge of the animal, and to his milking her *a year* before the suit was brought, and to give his opinion of her value at *that* time.

   *Held,* that the testimony was admissible; that it had *some* bearing upon the *value* of the animal when suit was commenced, and the jury might consider it for what it was worth in connection with other evidence of value.

3. Where defendant took possession of a cow, claimed to be the property of plaintiff, under a chattel mortgage given by her husband, and the jury found specially such ownership,—*Held,* that no demand was necessary before replevying the animal.

Error to Wayne. (Jennison, J.) Argued May 7, 1886. Decided May 12, 1886.

Replevin. Defendants bring error. Affirmed. The facts are stated in the opinion.

*William Bonker,* for appellants.

*Samuel W. Burroughs,* for plaintiff.

Morse, J. This is a controversy about a cow which the plaintiff claims as her own, but which the defendants allege belongs to her husband, and is covered by a chattel mortgage from him to one Thornton, and by Thornton assigned to Eliza C. Smith.

The plaintiff brought replevin in justice's court, and succeeded. Upon appeal to the circuit she recovered the value of the cow, and $25 damages for the detention. A new trial being granted, a second trial in the circuit was had, resulting in another verdict and judgment in her favor for the value of the cow, to-wit, $50.

The defendants bring error, and complain of the rulings of the court below as to the admission of evidence, and the instructions to the jury.

It appeared on the trial that Benjamin Smith took the cow from the possession of plaintiff for his wife, claiming it under her mortgage, and he was a witness upon the trial. He was asked, upon cross-examination, if there were any other cows there when he took the cow in question. It was objected to as no part of the cross-examination, and as being irrelevant and immaterial. The claim of the plaintiff was that she owned the cow; but there was another claim that, if she did not own it, it was exempt as being a milch cow, and the only one owned by the husband, the wife not joining in the mortgage. It was insisted by the defendants' counsel that the answer to the question would have no tendency to prove how

many cows the husband had when the mortgage was executed, which was the only legitimate subject of inquiry under the exemption issue. As the jury found, in answer to a special interrogatory, that the plaintiff was the owner of the cow, the claim of exemption cut no figure in their verdict; and if the admission of the testimony was not proper, it did not harm the defendants.

A witness was also allowed, against objection, and under exception, to testify that the said Benjamin Smith came to him, and wanted he should go and scare Mr. Savage, who was the plaintiff's surety, out of being bail for her by telling him that the suit was likely to go against her, and he (Savage) would have the costs to pay. Benjamin Smith being a party and a witness, we think this evidence admissible as tending to show his interest in the suit, and affecting his credibility.

Another witness testified to his knowledge of the cow, and to his milking her a year before the suit was brought, and what her value was, in his opinion, at that time. This was not error. It had some bearing upon her value at date of suit, and could go to the jury for what it was worth in connection with other evidence of value.

It is claimed that the court told the jury, in substance, that it was not disputed that the plaintiff had introduced evidence tending to prove that it was her cow, and that the jury understood therefrom that there was no dispute about the plaintiff's ownership of the animal. We do not think so. The court said :

" The complainant, Mrs. Denton, whom you have seen upon the stand, claims she owned this cow at the time it was taken. You have heard her testimony. She claims it was a milch cow, and belonged to the family, and was used in the family, and it is the only cow she had. Inasmuch as the defendants deny this, she must prove her case to your satisfaction. She has introduced testimony tending to prove that it is her cow. I believe that is not disputed. If you believe that this woman owned this cow," etc.

In our view of the charge the court meant just what he said, and the jury must have so understood it. There was, beyond dispute, evidence tending to prove that she owned

the cow, as the court said; but he plainly set out the denial of defendants, and properly left it to the jury to find what the truth was.

If she owned the cow, no demand was necessary, as the court instructed the jury.

The errors alleged as to the charge of the court upon the question of exemption, and his refusal to charge upon the same point as requested by defendants' counsel, need not be considered under the special finding of the jury, as heretofore noted.

The other errors assigned have no importance. The judgment is affirmed, with costs.

CAMPBELL, C. J., and SHERWOOD, J., concurred. CHAMPLIN, J., did not sit.