## DAVID HUNT v. FRANK S. RUMSEY.

*Bills and notes—Good-faith holder—Consideration.*

The question upon which this case turned was whether the plaintiff was an innocent purchaser of a note the consideration for which was a " Red Lyon Wheat Note," which fact was found against the plaintiff under a charge which is held to have been sufficient to enable the jury to reach a conclusion upon the facts in harmony with the law of such cases as laid down by this Court.

Error to Wayne. (Brevoort, J.) Argued October 16, 1890. Decided November 14, 1890.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*B. T. Prentis,* for appellant.

*Samuel W. Burroughs,* for defendant.

CHAMPLIN, C. J. Suit was commenced in justice's court to recover upon a promissory note, of which the following is a copy:

" $80.                HURON, MICH., August 24, 1886.

"September first, 1887, I promise to pay to the order of B. H. Smith or bearer eighty dollars ($80.00), for value received, with interest at the rate of 7 per cent. per annum.

"FRANK S. RUMSEY."

The defendant pleaded the general issue, and gave notice that the note was a substitute note for what is called a "Red Lyon Wheat note," and that the alleged note was without value or consideration, and was obtained by fraud and false pretenses; and also that he never executed and delivered the note in suit for value and consideration.

The testimony was such that it cannot be doubted that the note for $180 originated in one of those transactions which were so frequent in 1886, whereby farmers were duped and defrauded into giving their notes for wheat at a fictitious value, under representations that some bogus seed and cereal company would sell twice the quantity for a like fictitious price, and pay over to the farmer the avails less their commission. We have held that where the parties were *in pari delicto* such notes could not be enforced unless they had passed to an innocent purchaser for value. The question in this case turned almost entirely upon the fact whether plaintiff was such purchaser. All the facts bearing upon this question were put in evidence and submitted to the jury, who found a verdict in favor of the defendant, and, although the cir-

cuit court in his instruction to the jury may not have
presented the law of the case so as to be unexceptionable,
yet, taken as a whole, the point upon which the case
must necessarily have turned was given to the jury in a
manner that conveyed to them a proper guidance to enable
them to reach a conclusion upon the facts in harmony
with the law of such cases.

After instructing the jury that, as a matter of law,
between the original parties, the note given for the wheat
was void, he told them that, if they believed the testi-
mony of the defendant, which tended to show that Hunt,
at the time he purchased the note of Smith, knew what
the note was given for, the plaintiff could not recover,
and that if, on the other hand, they believed that Smith
received the note all right, as he said he did, when he
gave it to Mr. Hunt for the organ, that there was
nothing more than what had transpired in an ordinary
business transaction, then Mr. Hunt, knowing nothing
about the past, knowing nothing about what it was given
for, would be a holder in good faith, and he would be
entitled to recover, and that their verdict must be for the
plaintiff. In view of the testimony embodied in the bill
of exceptions, these instructions substantially covered the
law in the case, it having appeared in evidence that the
original note which was given in the wheat deal was made
and delivered by Rumsey, and was for 12 bushels of wheat
at $15 a bushel, and the further agreement that the
American Seed & Cereal Company would, on or before
September 1 of the next year, sell 24 bushels of wheat for
Rumsey at $15 a bushel, and pay him the avails thereof,
less $5 a bushel for their commission. Afterwards, and
before the note became due, this note seems to have been
held by one Edwin Fay, who was the man who delivered
the wheat to Rumsey. Smith testified that—

"Edwin Fay held a note for $175 or $180 against Rum-

sey, and Fay owed me; so Fay and I went to Rumsey, and he [Rumsey] gave this note [in suit], and the amount of it was indorsed on Fay's $175 note, and with this note Fay paid what he owed me."

This testimony shows that the only consideration for the note in suit, if any moved to Rumsey, is the same, and no other, and no different, than that which was the consideration for the $180 wheat note, and is open to the same defenses as that note in the hands of parties who were aware of the original transaction.

Error is assigned upon cross-examination of the plaintiff with reference to his conversations with defendant, but we discover no error committed by the court in his rulings upon such cross-examination. See *Johnston Harvester Co. v. Miller*, 72 Mich. 265 (40 N. W. Rep. 429), and *Goodrich v. McDonald*, 77 Id. 486 (43 N. W. Rep. 1019).

There was no error in admitting testimony to show that the witness Smith had been guilty of improper conduct respecting the trial before the justice of the peace. *Denton v. Smith*, 61 Mich. 431 (28 N. W. Rep. 160).

Other assignments of error were discussed upon the argument of the cause and in the brief of counsel, but we do not think the errors were such as prejudiced the rights of the plaintiff upon the trial of the cause.

The judgment will therefore be affirmed.

CAHILL and LONG, JJ., concurred. MORSE and GRANT, JJ., did not sit.