LESTER B. FRENCH v. THE TALBOT PAVING COMPANY.

*Bills and notes—Consideration—Public policy—Bona fide holder—
Burden of proof.*

1. A promissory note given without consideration, and upon the threat of the payee to prevent the allowance by the city council of the claim of the maker for paving a street, is absolutely void in the hands of the original payee.

2. Where, in a suit by an indorsee, it conclusively appears that the note upon which the suit is brought was given without consideration, and that the transaction upon which it was based was contrary to public policy, the burden of proof is upon the plaintiff to show that he is a *bona fide* holder, and that he purchased the note without knowledge of the corrupt and illegal character of the transaction; citing *Tilden v. Barnard*, 43 Mich. 376; *Goodrich v. McDonald*, 77 Id. 486; *Bank v. Dill*, 84 Id. 549; *Horrigan v Wyman*, 90 Id. 121.[1]

Error to Wayne. (Reilly, J.) Submitted on briefs April 25, 1894. Decided May 22, 1894.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Brennan, Donnelly & Van DeMark,* for appellant.

*Browse T. Prentis,* for plaintiff.

―――――――――――――――――――――――――――――

[1] See *Little v. Mills,* 98 Mich. 423.

GRANT, J. Plaintiff recovered verdict and judgment upon a promissory note for $541.65, dated January 15, 1890, and payable June 1 thereafter, to Eugene Robinson or order. It is indorsed upon the back: "Pay to the order of L. B. French. Eugene Robinson." Plaintiff made his case by introducing the note and proving the indorsement.

Defendant then proved by John F. Talbot, the president of the defendant, that no consideration was paid for the note. On cross-examination the witness testified that he gave this note to Robinson, "rather than have him do what he intended to do. He [Robinson] claimed he could prevent its going through the council; said he could prevent us getting paid for that paving of Fort street. Mr. Robinson said he intended to use his influence with the council to prevent the payment of defendant's claim for the pavement of Fort street unless defendant gave him the note." This witness further testified that plaintiff, after the note was due, came to him, and stated that Robinson wanted him (French) to collect this note for him. Defendant then rested its case.

Plaintiff was recalled, and testified that he told the witness Talbot that he owned the note himself, and that he in fact did own it.

John F. Talbot was then recalled for the defendant, and testified that Robinson claimed that he (Talbot) ought to pay him a percentage of 2 per cent. on the Fort-street contract; that Robinson threatened to break up the contract, and stop it in the council; and that for this reason he gave the note. Both parties then rested.

Counsel for defendant then requested the court to direct a verdict for the defendant, for the reason that it was established beyond controversy that the note was given without consideration, and that plaintiff had failed to show either that he paid value or was a *bona fide* purchaser.

The court thereupon permitted plaintiff to be recalled, who then testified that he paid the full face value of the note by giving a piece of land for it. He gave no other evidence tending to show that he was a *bona fide* holder, or that he acquired the note without notice of the fraud.

The note was absolutely void in the hands of the original payee. No consideration was in fact paid. The transaction upon which it was based was contrary to public policy. This having been conclusively established by the evidence, the court should have instructed the jury that the burden of proof was upon the plaintiff to show that he was a *bona fide* holder, and that he purchased the note without knowledge of the corrupt and illegal character of the transaction. *Goodrich v. McDonald*, 77 Mich. 486; *Tilden v. Barnard*, 43 Id. 376; *City Bank v. Dill*, 84 Id. 549; *Horrigan v. Wyman*, 90 Id. 121; *Giberson v. Jolley*, 120 Ind. 301. Several authorities on this question are cited in the opinion written by Mr. Justice MONTGOMERY in *Horrigan v. Wyman*.

Judgment reversed, and new trial ordered.

The other Justices concurred.