CONRAD v. MANNING'S ESTATE.

GIFTS—PROMISSORY NOTE—VALIDITY—CONSIDERATION.

> Where a father gives a note to his son as the share of the latter in the father's estate, and after the death of the father the son negotiates it to a person who knows the facts, the latter cannot enforce the note against the estate of the father, the note being but a promise to make a gift in the future, and being without consideration.

Error to Calhoun; Smith, J. Submitted October 4, 1900. Decided October 31, 1900.

William E. Conrad and William Conrad, copartners as Conrad Bros., presented a claim against the estate of Franklin M. Manning, deceased, upon a promissory note. The claim was allowed by the commissioners, and Sarah E. Manning and Belle Constantine, legatees under the

will of decedent, appealed to the circuit court. From a judgment for claimants, contestants bring error. Reversed.

*E. R. Loud* and *A. M. Culver*, for appellant Manning.

*S. M. Constantine* and *W. G. Howard*, for appellant Constantine.

*Herbert E. Winsor* (*Powers & Stine*, of counsel), for appellees.

MOORE, J.   Franklin M. Manning died in March, 1897, leaving a widow, Sarah E. Manning, a daughter, Belle Constantine, a son, William H. Manning, and an estate, as shown by the inventory and appraisal, of the value of about $10,000.   The claimants presented a note as a claim against his estate, reading as follows:

"$8,500.          ALBION, MICHIGAN, November 3, 1896.
"On or before one year after date I promise to pay to the order of William H. Manning, of Albion, Michigan, eighty-five hundred dollars, at Albion, Michigan, value received, with interest at eight per cent. per annum.
                                        "F. M. MANNING."

The commissioners on claims allowed the claim in full. An appeal was taken to the circuit court, where a jury found a verdict in favor of claimants.   The son, William H. Manning, is the administrator of the estate.   He declined to appeal.   The widow and daughter have brought the case here by writ of error.

The claimants are wholesale tanners and curriers at Milwaukee.   William H. Manning is a dealer in harnesses and saddlery at Albion.   It is their claim that on October 25, 1897, Mr. Manning was indebted to Conrad Bros. in a large amount, and desired further credit; that his financial standing was not such as to justify giving him further credit, while the claimants had learned the financial standing of Franklin M. Manning was good.   They contend that on October 25, 1897, they bought the note in controversy of William H. Manning; that a short time

afterwards it was sent to them, and was received by them on the 1st day of November; that the consideration they paid for the note was the cancellation of the debt of William H. Manning, the shipment of a large quantity of goods, and the payment to him of about $3,000 in cash. They insist they are *bona fide* holders of the note. It is the claim of the widow and daughter that Franklin M. Manning did not execute the note, that claimants did not purchase it, and that they are not *bona fide* holders.

There are a large number of assignments of error, but as we think, under the case as made by the claimants, they are not entitled to enforce the claim, we shall not discuss them. As before stated, Franklin M. Manning died in March, 1897. The note is dated November 3, 1896. It was due in one year after date. The claimants say it was delivered to them November 1, 1897. Among other things testified to by Mr. Conrad, he said when he was negotiating for the note he was informed by William H. Manning his father had an estate, and had given his stepmother and sister part of their share, and that he gave him this note for his share. He also testified that he knew at the time this conversation occurred that Franklin M. Manning was dead. It is very clear that the Conrads knew fully what was claimed by William H. Manning as to how he became possessed of this note, and that any defense which could be made against it in his hands could be made against it after this knowledge came to them. See *Goodrich* v. *McDonald*, 77 Mich. 486 (43 N. W. 1019); *Hunt* v. *Rumsey*, 83 Mich. 136 (47 N. W. 105, 9 L. R. A. 674); *French* v. *Paving Co.*, 100 Mich. 443 (59 N. W. 166). It is pertinent, then, to inquire what defense, if any, could have been made had William H. Manning presented the note against the estate of his father. The rule in such a case has been stated as follows:

" A promissory note is but the promise to pay money in the future, and, if made and delivered purely as a gift, is without consideration, and cannot be enforced at law or equity, either against the maker or against his estate

after his death, except in the hands of a *bona fide* holder for value, without notice of the want of consideration. Such a note is but a promise to make a gift in the future, and the gift is not completed till the note is paid. It can be revoked any time before payment, and death will revoke it." 8 Am. & Eng. Enc. Law ( 1st Ed.), 1320, and cases therein cited.

See, also, *Copp* v. *Sawyer*, 6 N. H. 386; *Raymond* v. *Sellick*, 10 Conn. 480; *Holley* v. *Adams*, 16 Vt. 206 (42 Am. Dec. 508); *Parish* v. *Stone*, 14 Pick. 203 (25 Am. Dec. 378); *Fink* v. *Cox*, 18 Johns. 145 (9 Am. Dec. 191); *Phelps* v. *Phelps*, 28 Barb. 121; *Arnold* v. *Franklin*, 3 Ill. App. 141; *Pope* v. *Dodson*, 58 Ill. 360; *Blanchard* v. *Williamson*, 70 Ill. 647; *Williams* v. *Forbes*, 114 Ill. 167 (28 N. E. 463); *Smith* v. *Smith's Adm'r*, 30 N. J. Eq. 564; *Voorhees* v. *Combs*, 33 N. J. Law, 494; *Johnston* v. *Griest*, 85 Ind. 503.

Inasmuch as, from their own showing, claimants are not entitled to maintain the action, a judgment will be entered in this court in favor of defendants, with costs of both courts.

The other Justices concurred.