## BYLAND v. MILLER.

District Court, E. D. Kentucky.
Jan. 2, 1936.

138

Julius R. Samuels, of Cincinnati, Ohio, for plaintiff.

Orie S. Ware, of Covington, Ky., for defendant.

FORD, District Judge.

The petition in this case alleges that in April, 1929, plaintiff was the owner of a collection of stamps which was contained in four volumes of books, and on said date he delivered said stamp collection to the defendant as security for a debt; and that in January, 1935, defendant converted said property, belonging to plaintiff, to her own use, to the plaintiff's damage in the sum of $5,500. By general demurrer the defendant challenges the sufficiency of this petition.

■ This is a common-law action in trover, and the complaint for conversion must contain all the material allegations which were necessary at common law. 65 C.J. 74, § 121.

■ It appears that in an action of trover a less specific description of the property is required than where the action seeks a recovery of the property itself, and ordinarily a general description has been held sufficient. Henry v. Sowles (C.C.) 28 F. 521.

■ As to the value, it has generally been held that it is necessary to allege that the property is of some value, but such allegation is perhaps not indispensable where the petition contains a proper allegation as to the amount of damages sustained. 65 C.J. 77, § 127.

■ It is further insisted by the defendant that the petition is defective in that it fails to charge or to disclose any fact showing the alleged conversion to be either wrongful or unlawful. It seems to be generally held that such an averment is unnecessary, since to charge a person with converting personal property belonging to another is to charge him by implication with an unlawful act, and such a plea of the ultimate fact is generally held sufficient. 65 C.J. 82, § 135.

■ While the petition in this case alleges a right of property in the chattels alleged to have been converted, there is no allegation of possession or right of possession in the plaintiff at the time of the alleged conversion.

It would seem that in the absence of any showing to the contrary, where personal property is pledged to secure payment of a debt, the pledgee acquires the legal title and the possession with the right by law, on default of the pledgor, to sell the property pledged in satisfaction of the pledgor's obligation. Easton v. German-American Bank, 127 U.S. 532, 8 S.Ct. 1297, 32 L.Ed. 210.

By declaring that the plaintiff delivered the property in question to the defendant as security for the payment of his debt, and nothing more being alleged, the petition seems to negative any presumptive right to the possession of the property which might otherwise arise from the allegations as to title.

■ The plaintiff seeks to sustain the sufficiency of his petition in this regard upon the authority of a statement made in 21 R.C.L. 678, § 40, to the effect that in such cases the petition need only allege ownership, delivery to defendant, and the fact of conversion. This statement of the law appears to be based only on the authority of the single case of Austin v. Vanderbilt, 48 Or. 206, 85 P. 519, 6 L.R.A.(N.S.) 298, 120 Am.St.Rep. 800, 10 Ann.Cas. 1123. An examination of that case discloses that the court was considering the sufficiency of the petition after judgment, and hence leaves it somewhat doubtful as to whether it supports the broad statement of this text. Even if it does, it appears to be contrary to the prevailing weight of authority on the subject. That mere right of property in a chattel will not support an action in trover without an allegation of either actual possession or a showing of some

fact disclosing the plaintiff's right to immediate possession at the time of the alleged conversion seems to be settled by numerous authorities. 65 C.J. p. 58, § 93, and p. 79, § 130. A discussion of the point is found in the case of Lexington & O. R. Co. v. Kidd, 7 Dana (Ky.) 245, 246. See, also, Gentry v. Billing (C.C.A.) 73 F.(2d) 925; United States v. Loughrey, 172 U.S. 206, 19 S.Ct. 153, 43 L.Ed. 420; Kennett v. Peters, 54 Kan. 119, 37 P. 999, 45 Am.St.Rep. 274; 26 R.C.L. pp. 1131, 1132, § 41.

For the reasons stated, I am of the opinion that the demurrer should be sustained.