Plaintiff filed a claim against the estate of Ilona Barth, deceased. On appeal from the probate court of Kent county, plaintiff's claim was disallowed by the circuit judge who heard the case without a jury. Plaintiff has appealed. *Page 187 
Plaintiff, whose maiden name was Frieda Hirschberg, is a niece of Dr. Louis Barth, now deceased. She married Harry Lawrence on January 3, 1925. At her wedding supper Dr. Barth presented as a gift to plaintiff his promissory note for $5,000 payable on demand with interest at 5 per cent. per annum. Thereafter the interest was paid annually to plaintiff during the life of Dr. Barth but no part of the principal was paid. He died in June, 1932. His estate was probated, and all valid claims were paid or adjusted. In September following Dr. Barth's death plaintiff herein and her sister, Mrs. Pollak, visited Dr. Barth's widow, Ilona Barth, at her home in Grand Rapids; and the instant case is based upon plaintiff's claim that on this occasion an agreement was entered into between plaintiff and Ilona Barth that if the former did not file her $5,000 note as a claim against the estate of Dr. Barth of which Ilona Barth was the sole beneficiary, she would pay to plaintiff Dr. Barth's note with accrued interest within the next five years.
To establish her case plaintiff relied solely upon the testimony of her sister, Mrs. Pollak. Her testimony is summarized in appellant's brief as follows:
"She (Mrs. Barth) asked Frieda not to put in a claim against Dr. Barth's estate, saying she had taxes to pay and $30,000 to pay to the bank. She said she didn't think she would be able to pay the interest as Dr. Barth did, but that she would pay the interest and the note within the next five years as she expected to realize some money from her property, maybe in the near future. Thereupon claimant told Mrs. Barth that she didn't intend to put in a claim, and when Mrs. Barth said `Don't put in a claim against the estate,' the claimant replied `All right, I won't.'"
Mrs. Lawrence did not file a claim against Dr. Barth's estate. Mrs. Barth made no payment of *Page 188 
either principal or interest on the $5,000 note. On the 27th day of March, 1939, she died testate. See In re Barth's Estate,298 Mich. 388. Plaintiff herein filed a claim in the probate court of Kent county against the estate of Mrs. Barth in the amount of the principal and interest of the $5,000 note signed by Dr. Louis Barth.
In denying plaintiff's claim the circuit judge primarily based decision upon his determination that the testimony offered by plaintiff which she claims established a legal obligation on the part of Mrs. Barth to pay the note of her deceased husband did not establish that essential element of plaintiff's case. Our review of the record satisfies us that the circuit judge in so holding came to the right conclusion. In his opinion filed in the case he said:
"I am unable to interpret the testimony offered as establishing the theory that Mrs. Barth's promise to pay the note was made in consideration of claimant not pressing her claim against the estate of her uncle."
And after reviewing the substance of the testimony hereinbefore noted the circuit judge said:
"Mrs. Lawrence's reply was not `I will refrain from filing a claim if you will pay the note' — but * * * she `said in reply that she did not intend to put in a claim and that she would not put in a claim.' This is far removed from claimant's theory that this conversation constituted a mutual contract by virtue of which Mrs. Lawrence agreed to refrain from prosecuting her claim against the doctor's estate, if Mrs. Barth would pay the note."
Under this record if, notwithstanding the conversation disclosed by Mrs. Pollak's testimony, Mrs. Lawrence had filed a claim against the estate of Dr. Barth, her right to do so could not have been defeated *Page 189 
on the theory that in consequence of the conversation she had had with Mrs. Barth there was a novation, or that in consequence of what was said between plaintiff and Mrs. Barth the former was without right to assert her claim against the estate of Dr. Barth; and for like reason we think it is clear that plaintiff's right to recover against the estate of Mrs. Barth is not established by this record. A binding contractual obligation on the part of Mrs. Barth to pay to plaintiff the amount of Dr. Barth's note was not proven.
Because of the above conclusion it is unnecessary to review in detail another reason assigned by the circuit judge in support of his conclusion. But briefly it may be noted the circuit judge was of the opinion that in the first instance there was no consideration for the $5,000 note and therefore it could not have been established as a valid claim against the estate of Dr. Barth; and under such circumstances there was no valid consideration for the alleged agreement of Mrs. Barth to pay the note. Conrad v. Manning's Estate, 125 Mich. 77; Fischer v.Union Trust Co., 138 Mich. 612 (68 L.R.A. 987, 110 Am. St. Rep. 329). Appellee also asserts that plaintiff's right to recover is barred under the statute of frauds and the statute of limitations, but there is no occasion to discuss herein the merits of these contentions.
The judgment entered in the circuit court is affirmed, with costs to appellee.
CHANDLER, C.J., and BOYLES, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J. did not sit. *Page 190