LILLIE WILLIAMS

*v.*

GEORGE H. FORBES, Admr.

*Filed at Ottawa May 15, 1885.*

1. APPEAL—*reviewing facts—when found by the Appellate Court.* The statute makes it the duty of the Appellate Court, where its judgment is the result of its finding the facts differently from that of the trial court, to state, in its final judgment or decree, the facts as found by it; and when that court does so recite its finding, its decision as to the facts found is conclusive, and can not be reviewed by this court.

2. GIFT—*revocable until executed—and when considered as executed.* A gift is always revocable until it is executed, and a promissory note, intended purely as a gift, is but a promise to make a gift in the future. In such case the gift is not executed until the note is paid.

3. CONSIDERATION *of a promissory note intended as a gift.* A promissory note, executed without any other consideration than that of natural affection, or one without any valuable consideration, intended as a mere gift, can not form the ground of a recovery in an action at law.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of JoDaviess county; the Hon. JOHN V. EUSTACE, Judge, presiding.

Mr. M. D. BROWN, and Mr. JACOB FAWCETT, for the appellant:

It is enough that the consideration of the note is a good one, although it is not adequate. Any obligation entered into voluntarily, and for a good consideration, is valid at common law, and binds the parties. *Wolf* v. *McClure*, 79 Ill. 564.

Where the object of a contract is lawful, and is founded on a good consideration, and is entered into by parties capable of contracting, it creates a legal obligation, and can be enforced according to its terms. *Railroad Co.* v. *McNeely*, 21 Ill. 71.

Considerations are good, as, when they are for natural love and affection, or valuable, when some benefit arises to the party by whom they are made, or inconvenience to the party making them. Viner's Abridg. consideration "B;" *Phillips* v. *Preston*, 5 How. 278; *Shirly* v. *Harris*, 3 McLean, 330; *Clark* v. *Sigourney*, 17 Conn. 511.

The court can not inquire into the adequacy or inadequacy of the consideration; only, is it good or valuable. 2 Leading Cases in Eq. 1685.

A note given for value received, and "his kindness to me," would be good, the first part of the sentence denoting an adequate consideration. *Woodbridge* v. *Spooner*, 3 B. & A. 235; Daniells on Neg. Instr. 142.

Numerous authorities may be cited to show that the consideration need not be equal in dollars and cents, or in actual value, to the amount of the money expressed on the face of the note, and reference for that purpose is had, besides those already given, to the following: *Baker* v. *Walker*, 14 M. & W. 465; 1 Parsons on Contracts, 361; 2 Parsons on Bills, 524; *Johnson* v. *Titus*, 2 Hill, 606; *Oakley* v. *Boorman*, 21 Wend. 588; *Robinson* v. *Raynor*, 28 N. Y. 494; *Parish* v. *Stone*, 14 Pick. 198; *Bucklin* v. *Bucklin*, 1 Keys, 141; *Lobdell* v. *Lobdell*, 36 N. Y. 327; 1 Domat, (Cushing's ed.) 401; *Freeman* v. *Freeman*, 51 Barb. 306; *St. Mary's Church* v. *Cogger*, 6 id. 876; 1 Greenleaf on Evidence, sec. 189.

A note made, delivered and accepted in the lifetime of the maker, payable at or after his death, is not in any sense a testamentary disposition. (*Worth* v. *Case*, 42 N. Y. 362; *Jackson* v. *Culpepper*, 3 Kelly, 569; *Cummings* v. *Cummings*, id. 460.) And it is irrevocable. *Bristol* v. *Warner*, 19 Conn. 7; 10 Mass. 177; *Conn* v. *Thornton*, 46 Ala. 587.

Messrs. D. & T. J. SHEEAN, and Mr. ROBERT D. RUSSELL, for the appellee:

The finding of the facts by the Appellate Court, is, by statute, made conclusive upon this court. *Hayward* v. *Merrill*, 94 Ill. 350; *Thomas* v. *Insurance Co.* 108 id. 91; *Pulsifer* v. *Winterhoff*, 102 id. 400; *Village of Genoa* v. *VanAlstine*, 108 id. 555; *Furnace Co.* v. *Magill*, id. 656; *Moore* v. *People*, id. 484.

Natural affection does not constitute a valid consideration for a promissory note, and one can not make a gift of his own promise. *Kirkpatrick* v. *Taylor*, 43 Ill. 207; *Blanchard* v. *Williams*, 70 id. 647; *Arnold* v. *Franklin*, 3 Bradw. 141; *Forbes* v. *Williams*, 13 id. 280.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

Lillie Williams brought suit in the county court of Jo Daviess county, against George H. Forbes, as administrator of the estate of Delilah Deeds, deceased, on the following instrument:

"PLEASANT VALLEY, ILL., *Oct. 25, 1875.*

"Whereas my niece, Lillie Williams, has performed for me personal service for a long period of time, for which I desire she shall receive ample compensation from my estate, and not feeling able, at present, to fully compensate her, I therefore and hereby acknowledge myself indebted to her in sum of $2500, with interest, but not to be due until my death, unless at my option.                    DELILAH DEEDS."

On trial in that court, judgment was rendered for the defendant. The plaintiff appealed to the circuit court of Jo Daviess county, and on trial in the circuit court, before a jury, the plaintiff recovered judgment for $3708.75. The defendant then appealed to the Appellate Court for the Second District, and that court, on hearing, reversed the judgment of the circuit court, and refused to remand the cause. In the order of the Appellate Court reversing the judgment of the circuit court, occurs the following: "The judgment of this court being in consequence of finding the facts differently from that found by the court below, this court finds the facts to be, that the note sued on, and which is the foundation of the claim of appellee in this case, was given by Delilah Deeds, deceased, without any consideration whatever; that it was a mere gift, intended by Delilah Deeds, deceased, to be given to appellee in the nature of a testamentary bequest; and that there is no other cause of action, or supposed cause of action, save the note, claimed by appellee in this suit." The present appeal is from that judgment.

The argument addressed to us by counsel for appellant, is one that should have been addressed to the Appellate Court, upon petition for rehearing. It is purely a discussion of facts to establish that the Appellate Court erred in finding the facts differently from what they were found to be by the circuit court. No ruling on any question of law was excepted to, which is now pressed as ground of error. Indeed, the only question of law which, on the finding of facts by the Appellate Court, it is possible now to raise, is whether, on those facts, the law authorizes or precludes a recovery. Section 87 of the Practice act, as amended by the act of June 2, 1877, in force July 1, 1877, (Pub. Laws of 1877, p. 153,) provides: "If any final determination of any cause, as specified in the preceding sections, shall be made by the Appellate Court, as the result, wholly or in part, of the finding of the facts concerning the matter in controversy different from the finding

of the court from which such cause was brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite in its final order, judgment or decree the facts as found; *and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause."* This language needs no interpretation, and it is impossible, by construction, to import a meaning into it not apparent upon its face. We can add no words to make its meaning more intelligible. The decision of the Appellate Court, in such cases, being conclusive as to all matters of fact, we can not review them. Whether the finding of that court is right or wrong, that is the end of it,—and so we have expressly held in *Harzfeld* v. *Converse,* 105 Ill. 534. See, also, to like effect, *Hayward* v. *Merrill,* 94 Ill. 350; *Thomas* v. *Fame Ins. Co.* 108 id. 91; *Tenney* v. *Foote,* 95 id. 99; *Missouri Furnace Co.* v. *Abend,* 107 id. 44.

It is not an open question, in this court, what is the law, on the facts as found by the Appellate Court. A note executed without any other consideration than that of natural affection, or one without any valuable consideration, intended as a mere gift, can not form the ground of recovery in an action at law. A gift is always revocable until it is executed, and a promissory note, intended purely as a gift, is but a promise to make a gift in the future. The gift is not executed until the note is paid. (*Kirkpatrick* v. *Taylor,* 43 Ill. 207; *Blanchard* v. *Williamson,* 70 id. 647; *Pratt, Admx.* v. *Trustees,* 93 id. 475.) It is not pertinent for us, here, to inquire how slight a valuable consideration would support this promise, for the Appellate Court finds, as a matter of fact, that it is supported by *no* valuable consideration,—that the promise is to make a gift, only.

The judgment is affirmed.

*Judgment affirmed.*