### Ida Armstrong, Appellee, v. John F. Armstrong, Appellant.

GIFTS—*when deemed executed.* A gift of a promissory note upon the consideration of love and affection is, ordinarily, not enforceable after the death of the maker, but such a gift is deemed executed and such a note is enforceable after the death of the maker where, in his lifetime, he told the payee to sell the note and retain the proceeds.

Objections to executor's report. Appeal from the Circuit Court of Christian county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

HOGAN & WALLACE, for appellant.

W. M. PROVINE and FRANK P. DRENNAN, for appellee.

MR. PRESIDING JUSTICE BAUME delvered the opinion of the court.

This is an appeal by John F. Armstrong, executor of the estate of Thomas D. Armstrong, deceased, from an order of the Circuit Court of Christian county, sustaining objections interposed by Ida Armstrong to the final report of said executor.

On January 9, 1905, Thomas D. Armstrong executed his promissory note for the sum of $300, payable to his

granddaughter, Ida Armstrong, two years after date. It is conceded that the note was executed without con sideration and was delivered to the payee as a gift. Sometime in February, 1905, the payee, Ida Armstrong, assigned the note by endorsement to Fred H. Kinney, and received from Kinney the face value of the note. Thomas D. Armstrong died in August, 1905, leaving his last will and testament, whereby he bequeathed to said Ida Armstrong a certain portion of his estate. Thereafter Kinney filed said note as a claim against the estate of Thomas D. Armstrong, and having established the fact that he was an innocent purchaser of the note for value, before maturity, recovered judgment against the estate for the amount thereof. John F. Armstrong, as executor of the estate of Thomas D. Armstrong, deceased, filed his final report as such executor, and therein deducted from the distributive share of Ida Armstrong as a legatee under said will, the said sum of $300 paid by him to Fred H. Kinney in satisfaction of the judgment recovered against the estate on said note. To this report of the executor objections were filed by Ida Armstrong and upon a hearing in the County Court such objections were sustained. The executor appealed to the Circuit Court where a hearing was had before the court, and a like order entered sustaining the objections to the report. From this order the executor has appealed to this court.

The evidence in the record discloses the following facts: At the time of his death, and for one or two years prior thereto, Thomas D. Armstrong had lived at the home of his daughter-in-law, Josephine Armstrong, mother of the appellee, Ida Armstrong, in Taylorville, Illinois; that after writing and executing the note in question on January 9, 1905, Thomas D. Armstrong gave the same to Josephine Armstrong, and directed her to send it to his granddaughter, Ida Armstrong, then temporarily absent in Lincoln, Illinois; that shortly thereafter, Thomas D. Armstrong told Jose-

phine Armstrong that he had taken legal advice in the matter of his note to Ida, and directed Josephine to write to Ida and tell her to come home and dispose of the note, so that she could get the money on it, that there might be trouble unless she sold it; that upon the return of Ida Armstrong to Taylorville, Thomas D. Armstrong told her to sell the note, that that was what he gave it to her for and he wanted her to have the money; that Ida Armstrong then sold the note to Fred H. Kinney, and thereafter told Thomas D. Armstrong that she had sold it and received the money thereon, and he told her that was what he wanted her to do.

It is well settled law that a promissory note executed without any other consideration that that of natural affection, and intended merely as a gift to the donee, cannot be made the basis of a recovery either at law or in equity by the donee against the donor or against his estate after his death. Williams v. Forbes, 114 Ill. 167; Richardson v. Richardson, 148 Ill. 563.

It is insisted on behalf of appellant that the case at bar comes within the rule above stated, and that the trial court therefore erred in sustaining the objections of Ida Armstrong to the executor's report. Special reliance is placed by counsel for appellant upon the case of Richardson v. Richardson, *supra*. In that case the husband in his lifetime gave to his wife, without consideration therefor, certain notes, which she, after his death and before maturity of the notes, sold and assigned to an innocent purchaser, who recovered the amount of the notes from the estate, and it was held that the sale of the notes by the widow was fraudulent as against the heirs of her deceased husband, and that his estate having been held liable to the purchaser, in good faith, of said notes, a court of equity had power to deduct from the distributive share of the widow in her husband's estate, the amount which the executor had become liable to pay to the holder of said notes. We think the facts in the case at bar distinguish it

from the facts involved in the Richardson case and must necessarily lead to a contrary conclusion.

By directing the payee of the note to sell the same in his life time and to retain the proceeds of such sale, the deceased, in effect, constituted the note a mere vehicle for the purpose of obtaining the money thereon and giving such money to the payee. It was as though the deceased had himself negotiated his own note and given the proceeds thereof to his granddaughter. In such case, there can be no question but that the gift by the deceased to his granddaughter of the money so obtained would have been fully executed.

The order of the Circuit Court was right and will be affirmed.

*Affirmed.*