LIZZIE SCHEEVERS, Admx., Plaintiff in Error, *vs.* THE ILLI-
NOIS CENTRAL RAILROAD Co. Defendant in Error.

*Opinion filed June 18, 1908.*

1. APPEALS AND ERRORS—*the Supreme Court is bound by Appel-
late Court's finding of facts.* Where the Appellate Court reverses
the trial court upon the facts without remanding and makes a find-
ing of facts in its judgment, the Supreme Court is bound thereby.

2. SAME—*what is necessary to bring in review the Appellate
Court's findings.* To raise in the Supreme Court the legal ques-
tion as to whether there is any evidence tending to support an ad-
verse finding of facts by the Appellate Court an exception must
have been taken to the ruling by the defeated party in the trial
court and also a motion made to direct a verdict at the close of all
the evidence.

WRIT OF ERROR to the Appellate Court for the Third
District;—heard in that court on appeal from the Circuit
Court of Sangamon county; the Hon. JAMES A. CREIGH-
TON, Judge, presidng.

JOHN A. BLOOMINGSTON, for plaintiff in error.

SHUTT, GRAHAM & GRAHAM, (JOHN G. DRENNAN, of
counsel,) for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the plain-
tiff in error in the circuit court of Sangamon county to re-
cover damages for the death of her husband and intestate,
G. F. W. Scheevers, caused by a collision at the intersection
of Madison and Seventh streets, in Springfield, between a
locomotive engine being operated by the defendant in error
upon its railroad tracks located in Madison street, and a
buggy in which Scheevers was riding upon Seventh street.
Verdict was for plaintiff in error for $2500, upon which
the circuit court, after overruling motions for a new trial
and in arrest, rendered judgment. The judgment, upon ap-
peal by the defendant in error, was reversed by the Appellate

Court for the Third District without remanding. The Appellate Court made the following finding of facts: "We find that at the time G. F. W. Scheevers received the injuries which resulted in his death he was not in the exercise of due care and caution for his own safety, and that such lack of care contributed to said injuries." The cause comes here on a writ of error.

The case was submitted to the jury upon a declaration containing five counts, and the negligence relied upon for a recovery was the failure of the defendant in error to ring a bell, to keep a head-light burning, and running at a prohibited rate of speed, and the general issue was filed.

The facts, in brief, are, that G. F. W. Scheevers was at the time of his death fire marshal of the city of Springfield. On the night of January 10, 1905, about nine o'clock, a fire occurred in the city, north of defendant in error's tracks. Scheevers, in company with his son and one Hamilton, left the engine house, located at the corner of Monroe and Seventh streets, in a one-horse buggy, the horse being driven by Scheevers, for the fire. They drove north upon Seventh street at a high rate of speed, immediately in the rear of a hook and ladder truck, which was also destined for the fire. Just before they reached the defendant in error's tracks, which run east and west upon Madison street, Scheevers pulled out to the left of the hook and ladder truck, with a view to pass the truck. The night was dark and stormy, and as he drove upon the tracks of defendant in error, the horse going at a rate of speed of something like fifteen miles per hour, the buggy collided with a locomotive engine, was wrecked, and Scheevers was thrown to the ground and killed.

There was an ordinance in force in the city prohibiting all railroad companies operating in the city from running their passenger trains at a higher rate than ten miles per hour and their freight trains at a higher rate than six miles per hour, and requiring the bell upon every locomotive en-

gine, while being operated, to be continuously rung and a bright light to be conspicuously placed upon all locomotive engines operated in the night time. There was also an ordinance in force in the city limiting the speed of all animals and vehicles being driven upon the streets of the city to six miles per hour. Said ordinance also provided that no person should heedlessly drive any animal upon the streets of the city so as to come into collision with any other animal or vehicle.

This court has repeatedly held that where the Appellate Court reverses the trial court upon the facts, without remanding the cause, and makes a finding of facts and incorporates such finding in its judgment, if there is any evidence in the record fairly tending to support the finding of facts by the Appellate Court this court is bound by such finding of facts. This court can only look into the record for the purpose of ascertaining whether the Appellate Court has properly applied the law to the facts as found by it and recited in its judgment. (*Chaplin* v. *Illinois Terminal Railroad Co.* 227 Ill. 166.) The question sought to be raised in this case is: Does the evidence found in the record tend to support the finding of facts of the Appellate Court? The question thus sought to be raised is a question of law, and this court cannot weigh the evidence. In order for that question to be open for review in this court it must be preserved by a motion made in the trial court by the plaintiff for a directed verdict at the close of all the evidence, and by an exception to such ruling if the same is adverse to the plaintiff. (*Weeks* v. *Chicago and Northwestern Railway Co.* 198 Ill. 551.) No such motion was made in the trial court by the plaintiff. There is therefore no question open for review in this court upon this record.

The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*