JOHN J. LUCKOWITZ, Plaintiff in Error, *vs.* THE EAGLE BREWING COMPANY, Defendant in Error.

*Opinion filed June 18, 1908.*

1. APPEALS AND ERRORS—*Supreme Court reviews the Appellate Court's judgment as to questions of law only.* The Supreme Court re-examines cases at law brought to it by appeal from or writ of error to the Appellate Court as to questions of law only, as the power to finally determine the facts is vested in the Appellate Court.

2. SAME—*question of negligence is one of fact.* Whether a defendant was negligent as charged in the declaration is a question of fact, depending upon the evidence, and the question whether legal principles were correctly applied to the facts can be raised only by objections to the evidence, by instructions or propositions of law or by a motion to direct a verdict, and by exceptions properly preserved to the action of the court as to such matters.

3. SAME—*effect where the Appellate Court finds facts different from trial court.* Where the Appellate Court, in reversing a judgment at law without awarding a new trial, bases its judgment upon its finding the facts concerning the matter in controversy different from the finding of the trial court, the Supreme Court can only look into the record to ascertain whether the Appellate Court properly applied the law to the facts as found and recited by it.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. R. W. WRIGHT, Judge, presiding.

DARROW, MASTERS & WILSON, (EDGAR L. MASTERS, of counsel,) for plaintiff in error.

O. W. DYNES, for defendant in error.

Mr. Justice Dunn delivered the opinion of the court:

The plaintiff in error began an action on the case in the superior court of Cook county to recover for personal injuries. A judgment was rendered against the defendant in error, which, upon appeal, was reversed without remanding by the Appellate Court for the First District, with a finding of fact that the defendant in error was not guilty of the negligence charged in the declaration. To reverse this judgment a writ of error has been prosecuted from this court.

No question is raised as to the admission or exclusion of evidence or the instructions of the court, but the plaintiff in error insists that there is no evidence in the record to sustain the finding of the Appellate Court that the defendant in error was not guilty of the negligence charged in the declaration.

There were four counts in the declaration. The first one charged that the defendant carelessly and negligently failed to keep, maintain and provide a reasonably safe place for the plaintiff to work, but, on the other hand, ordered him to work about a gas stove and within a vat which were in an unsafe, dangerous and defective condition, whereby gas was permitted to escape from the stove and accumulate in the vat, which fact was not known to the plaintiff but was known to the defendant, or should have been known. The second count charged that the gas stove and its appliances were unsafe and unsuitable, by reason whereof gas escaped into the vat, and that the plaintiff was directed to work with and about said gas stove and its appliances, not knowing its dangerous condition. The third count charged that the plaintiff's duties had no relation to the use of the gas stove and its appliances, and that he knew nothing about them, and was ordered by the defendant to light and operate said gas stove without being instructed and warned of the attendant dangers. The fourth count charged neg-

ligence in not providing the plaintiff with a reasonably safe place in which to work, and that he was directed to light the stove in the vat, in which gas had been negligently permitted to accumulate and of which he was in ignorance. All the counts aver that by reason of the negligence an explosion of gas occurred and the plaintiff was injured.

This court re-examines cases brought to it by appeal or writ of error from the Appellate Courts as to questions of law, only. The issue in this case was whether or not the defendant was negligent in the particulars charged in the declaration. This was manifestly a question of fact, dependent entirely upon the evidence. The court was required to consider the evidence with reference to certain legal principles, but the legal question as to whether those principles were correctly applied to the case can only be raised by objections to the evidence, by instructions to the jury or propositions of law to be held by the court, or by motion to direct a verdict, and by exceptions properly preserved in the trial court to the action of that court in these particulars. No such exceptions are found in this record. The Appellate Court has based its judgment upon its finding the facts concerning the matter in controversy different from the finding of the trial court. In such case we can only look into the record to ascertain whether the Appellate Court has properly applied the law to the facts as found by it and recited in its judgment. The power to finally determine the facts in such case is vested in the Appellate Court, and we cannot review such finding. (*Chaplin* v. *Illinois Terminal Railroad Co.* 227 Ill. 166; *Weeks* v. *Chicago and Northwestern Railway Co.* 198 id. 551.) The record presents no question of law for the consideration of this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*