JOHN MOZEIKO *et al.* Admrs., Appellants, *vs.* THE LEHIGH VALLEY TRANSPORTATION COMPANY, Appellee.

*Opinion filed June 18, 1908—Rehearing denied October 7, 1908.*

APPEALS AND ERRORS—*Supreme Court is bound by the Appellate Court's finding of facts.* In view of the unconstitutionality of the proviso to section 120 of the Practice act of 1907, purporting to authorize the Supreme Court to review the facts in certain cases upon appeal from the Appellate Court, the Supreme Court is bound by the Appellate Court's finding of facts, and can only determine whether the law has been correctly applied to the facts so found.

CARTWRIGHT, C. J., and HAND and VICKERS, JJ., dissenting.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

ELMER & COHEN, for appellants.

ULLMANN & HOAG, for appellee.

Per CURIAM: This is an action on the case brought against the appellee by appellants' intestate in the superior court of Cook county to recover damages for injuries received on one of appellee's ships at a dock in Chicago. The jury returned a verdict of $7500 against the appellee, upon which judgment was entered. Upon appeal the case was

assigned to the Branch Appellate Court for the First District, and the judgment was reversed without remanding, with a finding of facts. The justices of the Appellate Court were divided in opinion, one of them dissenting from the judgment entered. Appellants contend that therefore, under section 120 of the present Practice act, this court has the power to determine the controverted questions of fact arising in the case. This court in *Hackett* v. *Chicago City Railway Co.* (*ante,* p. 116,) has held this provision of the statute special legislation and unconstitutional. This decision is conclusive on the question. The findings of fact by the Appellate Court that appellants' intestate was not injured by the negligence of appellee and that he was guilty of contributory negligence are binding on this court. This provision of the section being unconstitutional, the law stands as it did prior to the enactment of the present Practice act, and therefore, under repeated decisions of this court, where the Appellate Court reverses without remanding and recites its finding of ultimate facts in its judgment, this court can only determine whether the law was correctly applied. The judgment is conclusive as to all matters of fact. We can not review them here. (*Williams* v. *Forbes,* 114 Ill. 167; *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 id. 399; *Weeks* v. *Chicago and Northwestern Railway Co.* 198 id. 551.) We do not find any error against appellants' interest in applying the law to the facts.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

CARTWRIGHT, C. J., and HAND and VICKERS, JJ., dissenting, for the reasons stated in the dissenting opinions in *Hackett* v. *Chicago City Railway Co.* (*ante,* p. 116.)