BRIDGET KEHOE, Plaintiff in Error, *vs.* MARSHALL FIELD & Co., Defendant in Error.

*Opinion filed December 15, 1908—Rehearing denied Feb. 4, 1909.*

1. APPEALS AND ERRORS—*Supreme Court cannot review facts in suits at law.* On appeal to the Supreme Court from the Appellate Court in actions at law the Supreme Court is without power to review the facts even though there is a division in opinion of the justices of the Appellate Court, as the provision of the Practice act of 1907 purporting to confer that power in such a case is unconstitutional.

2. SAME—*power of Supreme Court where Appellate Court finds facts in its judgment.* Where the Appellate Court reverses a judgment at law and incorporates a finding of facts in its judgment, the power of the Supreme Court on review is limited, so far as the facts are concerned, to determining whether the Appellate Court has properly applied the law to the facts so found.

3. SAME—*what is a sufficient finding of facts by the Appellate Court.* Upon reversal of a judgment recovered by the plaintiff in an action for damages for false arrest and imprisonment, a finding by the Appellate Court in such judgment of reversal that defendant was "not guilty of the wrongs and injuries averred in the declaration" is a sufficient finding of the ultimate and controlling facts.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

THOMAS E. ROONEY, FERDINAND GOSS, and CHARLES S. McNETT, for plaintiff in error.

BENSON LANDON, (WILLIAM S. FORREST, of counsel,) for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error, in an action on the case, brought her suit in the circuit court of Cook county against defendant in error for false arrest and imprisonment. Issues being joined, a trial by jury resulted in a verdict of $5000 against defendant in error. Judgment being entered on the verdict, on appeal to the Appellate Court for the First District the judgment, by a divided court, was reversed, with the finding of facts that the defendant in error was "not guilty of the wrongs and injuries averred in the declaration." The cause was thereupon brought to this court by writ of error.

Plaintiff in error's main contention is, that as the justices of the Appellate Court were divided in opinion this court should review and determine controverted questions of fact arising in the trial of the cause. We have held that the provision of the new Practice act authorizing such a review of controverted questions of fact is unconstitutional. (*Hackett* v. *Chicago City Railway Co.* 235 Ill. 116; *Wegienska* v. *Studebaker Manf. Co.* 235 id. 296; *Mozeiko* v. *Lehigh Valley Transportation Co.* 235 id. 324.) These decisions settle this question adversely to plaintiff in error's contention, and the law, therefore, stands as it did prior to the enactment of the present Practice act. This court can only look into the record to ascertain whether the

Appellate Court has properly applied the law to the facts as found by it and recited in its judgment. (*Scheevers* v. *Illinois Central Railroad Co.* 235 Ill. 227.) The decision of the Appellate Court in such cases being conclusive as to all matters of fact, we cannot review them. *Williams* v. *Forbes,* 114 Ill. 167; *Weeks* v. *Chicago and Northwestern Railway Co.* 198 id. 551.

No question is raised as to the admission or exclusion of evidence or the instructions of the court. The argument addressed to us is purely a discussion of facts to establish that the Appellate Court erred in finding the facts differently from what they were found by the circuit court. No ruling on any question of law was excepted to which is now pressed as a ground of error. Whether the finding of the Appellate Court is right or wrong on these facts the law does not permit us to inquire. *Williams* v. *Forbes, supra.*

Some question is made as to the sufficiency of the finding of facts by the Appellate Court. The issues in this cause under the declaration were whether or not the defendant was guilty of "the wrongs and injuries" therein set forth. Manifestly, these issues were solely questions of fact, depending entirely upon the evidence. The rule is that the Appellate Court shall find the ultimate and controlling facts and not the evidentiary facts. We think the finding in this case satisfied the requirements of the law. *Luckowitz* v. *Eagle Brewing Co.* 235 Ill. 246; *Martin* v. *Martin,* 212 id. 301; *Trakal* v. *Heusner Baking Co.* 204 id. 179.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*