JOHN PETERSON, Plaintiff in Error, *vs.* SEARS, ROEBUCK & Co., Defendant in Error.

*Opinion filed October 26, 1909.*

1. APPEALS AND ERRORS—*when Appellate Court may reverse without remanding.* The Appellate Court may reverse without remanding, first, when it finds the facts in controversy different from the trial court and recites the ultimate facts so found in its judgment; and second, when it reverses for errors of law which can not be obviated or cured on another trial.

2. SAME—*what finding of fact by Appellate Court is sufficient.* A finding by the Appellate Court in its judgment of reversal in a personal injury case, that the defendant "was not guilty of the negligence averred in the declaration," is sufficient although there was evidence of negligence, admitted without objection, which was not averred in the declaration, since no recovery could be had for negligence not averred. (*Flanagan* v. *Wells Bros. Co.* 237 Ill. 82, and *City of Chicago* v. *Bork,* 227 id. 60, distinguished.)

3. SAME—*the Supreme Court cannot inquire whether Appellate Court's finding is right or wrong.* Where the Appellate Court reverses a judgment at law without remanding and recites in its judgment the ultimate facts, which it has found different from the trial court, the Supreme Court can only determine whether the Appellate Court has properly applied the law to the facts as found, and not whether the finding is right or wrong. (*Grace* v. *Seibert,* 235 Ill. 190, and *Williams* v. *Harris,* 198 id. 501, explained.)

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

C. STUART BEATTIE, for plaintiff in error.

LACKNER, BUTZ & MILLER, for defendant in error.

Per CURIAM: John Peterson, plaintiff in error, brought an action on the case in the superior court of Cook county against defendant in error to recover for personal injuries incurred in an elevator accident. A judgment was rendered in the trial court against the defendant in error, which, upon appeal, was reversed, with a finding of fact that the defendant in error was "not guilty of the negligence averred in the declaration." To reverse this judgment this writ of error has been prosecuted.

The Appellate Court may reverse without remanding, first, where it finds the facts in controversy different from the finding of the trial court and recites the ultimate facts so found in the judgment; and second, when it reverses for errors of law which cannot be obviated or cured on another trial. (*Harty Bros.* v. *Polakow,* 237 Ill. 559.) This finding of fact by the Appellate Court falls within the first class. Plaintiff in error contends that this finding is not sufficient. We have held to the contrary. *Luckowitz* v. *Eagle Brewing Co.* 235 Ill. 246; *Kehoe* v. *Field & Co.* 237 id. 470.

Counsel for plaintiff in error insists that this finding of fact does not correspond with the evidence in the record, the argument being, that the declaration charged negligence as to the handling of the elevator and certain proof offered showed that there was negligence in the construction of the elevator shaft. Counsel admits there were no allegations in the declaration to justify this latter proof, but insists that

so long as there was no objection made in the trial court when this evidence was introduced, under the authority of *Flanagan* v. *Wells Bros. Co.* 237 Ill. 82, and *City of Chicago* v. *Bork,* 227 id. 60, the failure to allege this negligence cannot be urged at the present time. The decisions just referred to are clearly not in point on the question here involved. It is elementary that recovery can only be had on the negligence charged in the declaration. (*Ratner* v. *Chicago City Railway Co.* 233 Ill. 169; *Chicago, Burlington and Quincy Railroad Co.* v. *Levy,* 160 id. 385; *Crane Co.* v. *Hogan,* 228 id. 338; *Chicago and Alton Railroad Co.* v. *Mock,* 72 id. 141; *Chicago and Eastern Illinois Railroad Co.* v. *Driscoll,* 176 id. 330.) It has been held in a long line of cases that where the Appellate Court reverses without remanding, and finds the ultimate fact different from the finding of the trial court and incorporates such fact in its judgment, this court can only determine whether the Appellate Court has properly applied the law to the facts. (*Chaplin* v. *Illinois Terminal Railroad Co.* 227 Ill. 166, and cases there cited.) This ultimate fact was that which plaintiff in error was bound to prove in order to recover as charged in the declaration. *Brown* v. *City of Aurora,* 109 Ill. 165; *Commercial Ins. Co.* v. *Scammon,* 123 id. 601.

The argument is, that on this record the Appellate Court erred in finding the facts different than found by the superior court. No ruling on any question of law was excepted to which is now pressed as a ground of error. The law does not permit us to inquire whether the finding of the Appellate Court is right or wrong on these facts. (*Williams* v. *Forbes,* 114 Ill. 167.) The contention of counsel on this point, which he argues is supported by *Grace* v. *Seibert,* 235 Ill. 190, and *Williams* v. *Harris,* 198 id. 501, can not be sustained. In both of those cases the finding of fact by the Appellate Court was not different from the finding by the trial court, and this court held that the Appellate

Court had drawn the wrong conclusions of law from the facts as stated, and therefore in both cases reversed the Appellate Court and affirmed the judgment of the trial court. That is not the situation here.

*Judgment affirmed.*