STANISLAUS NAWROCKI, Admr., Appellant, *vs.* THE CHICAGO CITY RAILWAY COMPANY, Appellee.

*Opinion filed December 21, 1910.*

1. APPEALS AND ERRORS—*Supreme Court cannot resort to Appellate Court's opinion to ascertain its conclusions of fact.* Where the Appellate Court has reversed a judgment in a suit at law and recited the ultimate facts in its judgment the Supreme Court can not resort to the opinion of the Appellate Court to ascertain its conclusions as to the facts but is governed by such recitals.

2. SAME—*finding that defendant was "not guilty of the negligence charged" is a finding of fact.* A finding by the Appellate court, in its judgment, that the defendant was "not guilty of the negligence charged in the declaration" is a finding of the ultimate and controlling fact in a personal injury case, even though it involves a consideration of all the evidentiary facts, and is binding upon the Supreme Court.

3. SAME—*what may be considered by the Supreme Court where the Appellate Court has recited the facts.* Where the Appellate Court has reversed a judgment in a suit at law without remanding and has recited in its judgment the ultimate facts found by it, the only question for the Supreme Court is whether the Appellate Court has properly applied the law to the facts so found.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding.

N. L. PIOTROWSKI, and CYRUS J. WOOD, for appellant.

FRANKLIN B. HUSSEY, and WATSON J. FERRY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action brought in the circuit court of Cook county by the administrator of the estate of John Tanka to recover damages for said Tanka's death, which it is alleged resulted from injuries received while a passenger on one of the Chicago City Railway Company's cars. On the first trial in the circuit court the jury disagreed. On the second trial a verdict was rendered in favor of appellant and damages were allowed. The case was appealed to the Appellate Court, which reversed the judgment, with the finding of fact that appellee is "not guilty of the negligence charged in the declaration herein." One of the justices of the Branch Appellate Court having heard the case in the lower court took no part in the decision. The other two members of that court granted a certificate of importance, and the case was then brought here by appeal.

Appellee operated a system of street cars in the city of Chicago, including a line on Archer avenue, a street running north-east and south-west and a line running on Pitney court and Thirty-first street. The Pitney court and Thirty-first street line of cars started in Pitney court where the street comes into Archer avenue, and ran south-easterly in Pitney court and then east in Thirty-first street. The cars in their course come west on Thirty-first street, pass northerly on the east track in Pitney court and stop at Archer avenue. These cars, in returning south from this point, switch to the west or south-bound track in Pitney

court by a switch located a short distance southerly from Archer avenue, perhaps sixty or eighty feet. At this switch appellant's intestate, John Tanka, met his death by falling off the rear platform of one of the appellee's cars, thereby breaking his neck and dying in a few minutes. The accident occurred about noon, February 28, 1904, and from the evidence his fall must be regarded as occasioned by the swaying or jolting of the car at the switch. He was a passenger, coming from the Archer avenue line by transfer. The switch in question was automatic and at the time of the accident was covered by water. It failed to work when the front wheels of the car passed and the wheels kept upon the straight track. When the rear wheels came to the switch they passed onto the other track. It was this that caused Tanka to be thrown from the car. After the accident occurred a large bolt was found under the water in the groove of the switch, about a foot from the north end of the switch. This bolt, from the evidence, seems to have prevented the switch from working automatically.

The sole argument of appellant here is, that on this record the Appellate Court erred in finding the facts different from the circuit court. No error of law is urged for our consideration, except that the opinion of the Appellate Court shows that that court erred in holding, as a matter of fact, that appellee was not negligent as charged in the declaration. It is urged in support of this claim that the evidence in this case shows that the doctrine of *res ipsa loquitur* applied; that appellant had made out a *prima facie* case of negligence on that account; that this was an error of law, and that it was also an error of law for the Appellate Court to hold that the switch was not under appellee's control. These are all evidentiary facts, and not the ultimate facts which must be found by the Appellate Court. Even though there be a dispute in regard to these evidentiary facts, yet the conclusion or inference to be drawn from them must be determined by the Appellate Court, and

that conclusion is final and binding on this court. It has been decided many times by this court,—and nothing has ever been said to the contrary,—that we cannot resort to the opinion of the Appellate Court to ascertain the conclusions reached by that court as to the facts but must be governed by the recitals in the judgment. (*Martin* v. *Martin*, 202 Ill. 382, and cases cited.) There is no point of practice more firmly settled than that when the Appellate Court recites its ultimate finding of facts,—under that section of the Practice act which makes it the duty of said court to so recite them when its final determination of a cause is the result of a finding of the facts different from that of the trial court,—such finding is conclusive on this court. The argument of appellant in this case is one of the repeated attempts that have been made since this section of the Practice act was passed, to get this court to change, by ruling, the natural construction that has always been put upon that statute. There is but one question presented in a case like this for our consideration. That is, conceding the facts to be as found by the Appellate Court, was the law properly applied in that court? If appellee was not guilty of the negligence charged in the declaration it is very clear that there can be no recovery in this case. *Peterson* v. *Sears, Roebuck & Co.* 242 Ill. 38; *Bartlett* v. *Lumaghi Coal Co.* 237 id. 372; *Berkowitz* v. *Terminal Railroad Co.* 234 id. 450; *Martewicz* v. *Mohr & Sons,* 236 id. 143; *Schaller* v. *Independent Brewing Ass'n,* 225 id. 492; *Toolen* v. *Chicago Towel Supply Co.* 222 id. 517; *Craver* v. *Acme Harvester Co.* 209 id. 483; *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 id. 399.

The decisions cited by counsel for the appellant holding that a finding of law is not changed by being called a finding of fact are not in point here. The finding of the Appellate Court in this case is a finding of fact.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*