Nora Stump, Defendant in Error, v. G. B. Dudley, Executor, William E. Rennels, Albert Rennels, John Rennels, Martha Hodge, Dessie Hodge, Martin Hodge and Millie Deverick, Plaintiffs in Error.

1. BILLS AND NOTES, § 50*—*when note is without consideration.* A promissory note intended as a gift, or made in pursuance of a void unenforceable contract, is without consideration.

2. BILLS AND NOTES, § 50*—*when note from father to daughter is without consideration.* A note given by a father to his daughter in lieu of real estate he had failed to give her according to his promise is not based upon a consideration.

Error to the Circuit Court of Coles county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1917. Reversed with finding of fact. Opinion filed October 11, 1917. Rehearing denied December 1, 1917.

ALBERT C. and BEN F. ANDERSON, for plaintiffs in error.

CHARLES WALLACE and C. C. LEE, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

This is a writ of error to reverse a judgment for $2,250 against the estate of J. Pennington Rennels, deceased, based on a promissory note signed by the said Rennels and payable to the defendant in error. Defendant in error is a daughter of the maker of the note.

The overwhelming proof in this record shows that there was no valid consideration for the giving of the note. If it be true as defendant in error claims, that her father, the deceased, had promised to give her a certain piece of real estate and, having failed to do so, executed and delivered the note sued on in lieu of the real estate, it was merely a promise to give money

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

based on a former unfulfilled promise to give real estate as a gratuity. It is well-settled law in Illinois that a promissory note intended as a gift, or made in pursuance of a void unenforceable contract, is without consideration. *Williams v. Forbes,* 114 Ill. 167; *Richardson v. Richardson,* 148 Ill. 563; *Armstrong v. Armstrong,* 142 Ill. App. 507; *In re Sexton's Estate,* 162 Ill. App. 222. The promise of the father to give to defendant in error the real estate in question, if it be admitted that he made such a promise, furnished no consideration for the giving of the note sued on.

The judgment of the Circuit Court is therefore reversed with the finding of fact to be incorporated in the record of this court that the note sued on was a mere promise to make a gift and was without consideration.

*Reversed with finding of fact.*