Lydia Hershe, Appellee, v. Estate of Peter Rinkenberger et al., Appellants.

Gen. No. 8,991.

Opinion filed June 3, 1936. Rehearing denied October 6, 1936.

LYNN SIEBERNS, of Gridley, WILLIAM R. BACH and COSTIGAN & WOLLRAB, of Bloomington, for appellants.

WHITMORE & WHITMORE, of Bloomington, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

Lydia Hershe filed a claim in the probate court of McLean county against the estate of Peter Rinkenberger, deceased, on a $1,000 note, executed by deceased in his lifetime, and payable to said Lydia Hershe after his death. The claim was submitted to the court for trial without the intervention of a jury, and the claim was allowed in the sum of $1,000 and interest at five per cent from April 30, 1933, the date of the death of said Peter Rinkenberger.

Samuel Rinkenberger, executor of the last will and testament of Peter Rinkenberger, deceased, and Mary Tully, John Rinkenberger and Elizabeth Stoll prayed an appeal to the circuit court of McLean county from said judgment, which was allowed upon appellants filing their appeal bond in the sum of $2,100, which bond was duly filed and approved by the court and ordered to be accepted. Said cause came on for trial in the circuit court before the court, without a jury, and the court rendered judgment in favor of claimant for the sum of $1,124.44 and costs of suit. Mary Tully, acting in her own behalf and in the name of Samuel Rinkenberger, executor of the last will and testament of Peter Rinkenberger, deceased, gave notice of appeal from the judgment of the circuit court of McLean county.

On the trial of said cause it was stipulated by the parties that the evidence taken in the probate court on the hearing of said claim in question, including the original promissory note, might be taken as evidence in the trial of this appeal in this court, together with a claim filed simultaneously by Lydia Hershe against said estate, a certified copy of which claim is attached, and together with a certified copy of the order of the court allowing the claim for $345 in the probate court of McLean county, together with the agreement of the parties that said claim of $345 has been paid in full by the executor of said estate.

The claim filed was upon a promissory note, reading as follows:

$1000.00                              September 1, 1931.

After my death I promise to pay to the order of Lydia Hershe $1000.00 with interest at ——— per cent per annum, at ———, for value received.

Peter Rinkenberger.

From the stipulation it appears that Samuel Rinkenberger testified upon behalf of the plaintiff, as fol-

lows: that Peter Rinkenberger was his father; that he had known Lydia Hershe 12 or 15 years; that his father died April 30, 1933; that Miss Lydia Hershe kept house for him. She had been there since 1927; his father was 83 years old at the time of his death. I remember when he executed the note on September 1, 1931, upon which Lydia Hershe filed a claim. I have seen claimant's Exhibit "A," and the handwriting on said note is mine. I wrote the note at my father's request. My father signed the name Peter Rinkenberger at the bottom of the note in my presence. I was there when my father was sick, before he went to the hospital the last time. While I was in his room he told me he would like to give Miss Hershe $1,000 in recognition of her services while she was keeping house for him; he said he did not think he would be here long and he wanted to leave that much to her; he had a book of blank notes; the note was written in his bedroom, and no one was there but he and I. After it was signed he asked me to call Miss Hershe in the room, and she came in and he handed the note to her and said he did not think he would be here very long and wanted to leave that much to her for her services while she had been there, above what her salary was. She took the note. I do not know whether or not she had any knowledge prior to the making of this note that it would be made. I don't think so.

On cross-examination he testified that he was the executor of his father's estate and had acted as his personal agent since October, 1929. Miss Hershe had begun work in his father's home about 1927. About February, 1930, I made arrangements with her, at my father's request, as to the amount of such services. It was $15 per week. I paid her regularly until 1932, in November, when I ran out of funds. In September, 1931, she was being paid regularly at the rate of $15 a week. I do not know if it was regularly, or not, but

there was no indebtedness standing out except maybe a week or two.

My father lived at Gridley at the time he instructed me to draw up the note. He was operated upon in Peoria shortly after that,—four or five days. My father said he would like to give her $1,000 in recognition of her services and did not think he would be with us much longer. He made this statement when I drew up the note and also when he handed the note to Miss Hershe.

In addition to the above evidence the record showed that a claim was allowed in favor of Miss Hershe for the sum of $345, being for a period of 23 weeks at $15 a week, as per agreement with deceased, for labor performed, which claim was paid by the executor of said estate.

Appellant urged that the court erred in allowing the claim upon the note because there was no legal consideration; that there was no legal liability.

It is insisted by appellee that absence of consideration is an affirmative defense and appellant failed to show, by a preponderance of the evidence, that there was no consideration; that Peter Rinkenberger, if alive, would be estopped from paying the note as a gift, and such estoppel extends to his heirs and representatives.

Appellee, in making her claim in the probate court, introduced the original note in evidence and called Samuel Rinkenberger, son of and executor of the estate of Peter Rinkenberger, deceased, as a witness in her behalf and is bound by his testimony; he testified on November 14, 1933.

On the trial of this cause in the circuit court it was stipulated, on October 15, 1935, that the evidence theretofore taken before the probate court on the hearing of the claim might be taken as the evidence in the trial of the appeal, and the testimony of Samuel Rinken-

berger, son of and executor of the estate of decedent, was read in evidence; and it was not stipulated that such witness was to be examined as if under cross-examination at the instance of the plaintiff; neither did claimant offer any counter-testimony to rebut the testimony given by said Samuel Rinkenberger, and his testimony stands uncontradicted.

The testimony of the son is that he was in his father's room before he went to the hospital the last time, and his father told him he would like to give Miss Hershe $1,000 in recognition of her services while she was keeping house for him; his father said he did not think he would be here very long, and he wanted to leave that much to her. After his father handed the note to Miss Hershe, he said he did not think he would be here very long and he wanted to leave that much to her for her services while she had been there, above what her salary was.

We have carefully considered the evidence and suggestions, offered on behalf of the parties, and from the evidence it is obvious that the note was made without consideration; it was an attempt to make a gift, and a gift *inter vivos* must be complete to be a valid gift, and it is held that this does not result when the gift is attempted to be made by the execution and delivery of a promissory note, and that the donee cannot establish a claim against the estate of the donor based upon such promissory note, for which there was no consideration. *Kelley v. Dyer,* 359 Ill. 46.

It is well settled law in Illinois that a promissory note intended as a gift is without consideration. *Stump v. Dudley,* 207 Ill. App. 587.

The judgment of the circuit court is therefore reversed, with a finding of fact to be incorporated in the record of this court, that the note upon which the claim of appellee was based was a mere promise to make a gift and was without consideration.

*Reversed with finding of fact.*