Elwyn W. Chandler, Appellant, v. Illinois National Bank and Trust Company of Rockford, Executor of the Last Will and Testament of Maria E. Chandler, Deceased, and Melvin J. Chandler, Appellees.

Gen. No. 9,201.

Opinion filed May 18, 1937.

RYAN & HOOD, of Rockford, for appellant.

C. H. LINSCOTT and LAWRENCE A. SMITH, both of Rockford, for certain appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

On April 18, 1935, Maria E. Chandler died testate, having executed her will on July 15, 1932. This will was duly proven and admitted to probate and so far as material to this litigation contained the following

clause, viz.: "I hereby further direct said trustee after the death of my beloved husband, Elwyn W. Chandler, to convey by good and sufficient deed of conveyance to Melvin J. Chandler and Iva M. Chandler in equal parts, my entire tract of real estate and the improvements thereon located at 927 Kishwaukee Street, in Rockford, Illinois; such conveyance to be made subject to any unpaid indebtedness which at that time shall be a lien on such real estate." On August 30, 1934, Mrs. Chandler wrote the following letter to her attorney: "August 30, 1934 To: Morris J. Hinchcliff, Attorney, I send you herewith my promissory note payable to Melvin J. Chandler for the sum of $1,600.00, which note I irrevocably deliver. I have by my will devised to Melvin J. Chandler a tract of real estate in Rockford, and I desire that he receive the same free from any claim; there is now a mortgage on that property for $1,600.00, and I deliver the note in order that the principal sum mentioned may be used to pay off or counter balance such mortgage debt. If anything is paid on such mortgage debt, a credit in a like amount must be noted on the note which I send you. Maria E. Chandler." Accompanying this letter was the following note, viz.: "$1,600.00 August 20, 1934 On demand after date, for value received, I promise to pay to the order of Melvin J. Chandler, Sixteen Hundred Dollars at .... with interest thereon at the rate of no per cent, per annum, payable ....... annually, until paid. Maria E. Chandler."

The note was presented as a claim against the estate of Mrs. Chandler and was disallowed by the probate court. Upon appeal to the circuit court, the claim was allowed and from that judgment an appeal has been perfected to this court.

Upon the hearing in the circuit court, Mr. Hinchcliff testified that the note and the letter were both

delivered to him at the same time by Mrs. Chandler, with directions for him to deliver the note to Melvin J. Chandler, and a few days after Mrs. Chandler died, he delivered the note to Melvin J. Chandler and retained the letter in his own possession. He also testified that at the time these papers were delivered to him, Mrs. Chandler stated to him that Melvin had sustained some losses which she wanted to help make up and that she wanted him to have $1,600 in order that he might pay the mortgage on some property she had, if it was not otherwise paid. It further appears from the record that the property described in the foregoing clause of Maria E. Chandler's will was incumbered at the time of her death to secure the payment of $1,600 and that the notes evidencing that amount had been filed as a claim against her estate and allowed by the probate court.

It is insisted by counsel for appellant that the promissory note which forms the basis of appellees' claim was intended as a gift by the deceased, was executed without consideration and is therefore void. Counsel for appellee contend that the delivery of the note to Hinchcliff must be deemed to have been a delivery to the claimant and if intended as a gift it was a completed and executed one by the deceased during her lifetime and is therefore valid.

It is apparent from the evidence that no consideration passed from the payee of the note which forms the basis of this claim to the maker thereof. The note was delivered to the payee after the death of the maker. At the time of its execution and delivery to Mr. Hinchcliff, the maker stated that the payee had sustained some losses which she wanted to help make up. From the contents of her letter and her statements, it is apparent that she wished the payee to have the principal amount of the note in order that he might be in

a position to pay off a mortgage upon the incumbered property she had devised to him if the mortgage thereon had not been extinguished.

In *Blanchard v. Williamson*, 70 Ill. 647, the court in speaking of a note executed by testatrix for the sum of $1,000 due one year after date, said: ''If a party delivers his own promissory note as a gift, it. is but a promise to pay a sum certain at a future day and we are not aware such a promise can be enforced, either at law or in equity. It could not be enforced against the maker in his lifetime, and his representatives could defend against it on the ground there was no consideration. 2 Parsons on Notes and Bills, 54 and notes; 2 Kent Com. 438.''

In *Williams v. Forbes*, 114 Ill. 167, the court said: ''A note executed without any other consideration than that of natural affection, or one without any valuable consideration, intended as a mere gift, can not form the ground of recovery in an action at law. A gift is always revocable until it is executed, and a promissory note, intended purely as a gift, is but a promise to make a gift in the future. The gift is not executed until the note is paid.'' In *Stump v. Dudley*, 207 Ill. App. 587, the court said: ''It is well settled law in Illinois that a promissory note intended as a gift, or made in pursuance of a void unenforcible contract, is without consideration.'' In *Kelly v. Dyer*, 359 Ill. 46, and in *Hershe v. Estate of Rinkenberger*, 286 Ill. App. 494, it was said that a gift *inter vivos* must be complete to be valid, that a valid gift does not result when it is attempted to be made by the execution and delivery of a promissory note and the payee cannot establish a claim against the estate of the maker based upon such promissory note, for which there was no consideration.

Counsel for appellee seek to distinguish some of the foregoing cases because payment of the note in the

instant case was not conditioned upon the death of Maria E. Chandler but was payable ''on demand after death'' while in some of the cases, *supra,* the notes were payable upon the death of the maker. No authorities have been cited or found which sustain appellee's contention and in *Blanchard v. Williamson, supra,* the note there involved matured by its terms one year after its date. The note here involved was payable on demand but being without consideration it could not have been enforced against the maker in her lifetime and the representatives of her estate can make the same defense which she could have made. By the letter which accompanied this note, the deceased stated it was her wish that Melvin would take the property in her will devised to him free of any incumbrance and that she was giving him the note so that the proceeds thereof might be used to discharge the incumbrance thereon. This was in effect an effort upon her part to alter the terms and provisions of her will, but she failed to observe the requirements of our statute relative to the execution of testamentary instruments.

The judgment of the circuit court is reversed with a finding of fact to be incorporated in the record of this court, that the note upon which the claim of appellee is based was a mere promise to make a gift and was without consideration.

*Reversed with finding of fact.*