*In re* ESTATE OF GENEVIEVE WETMORE, Deceased.—(WILLIAM A. DEMINT, Plaintiff-Appellant, *v.* JAMES J. GREGORY, Defendant-Appellee.)

Fifth District No. 75-473

Opinion filed February 19, 1976.—Rehearing denied March 22, 1976.

John R. Sprague, of Sprague, Sprague & Ysursa, of Belleville, for appellant.

William A. Schuwerk and William A. Schuwerk, Jr., both of Schuwerk & Schuwerk, of Chester, for appellee.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:

Appellant, William A. DeMint, filed a claim against the estate of Genevieve Wetmore on a promissory note payable to him and signed by the decedent. From an order of the Circuit Court of Randolph County denying appellant's claim, he appeals.

The decedent was 101 years old at the time of her death and 90 years old when the note was made. At death, she left assets totaling less than $10,000. The note provided: "Upon my death, I promise to pay to the order of William A. DeMint the sum of Twenty Thousand and no/100 Dollars. With interest at no interest from date until paid * * * Value received. Interest pays annually. For particular kindness to me and members of the Wetmore family during the course of many years." The provisions relating to interest, time of payment and the final sentence stating the reason for the making, were handwritten onto a printed form promissory note.

The executor argues that the note is not supported by sufficient consideration and so shows on its face. The claimant argues that consideration for a promissory note is presumed and the burden of rebutting this presumption is on the executor. While this is the general rule (*Steiner v. Rig-A-Jig Toy Co.*, 10 Ill. App. 2d 410, 135 N.E.2d 166 (1956)), the instant note specifically states that it was given "[f]or particular kindness to me and all the members of the Wetmore family during the course of many years." Although the instrument also states that "value" was received for it, value is not the same legal concept as consideration for a promissory note. (Ill. Ann. Stat., ch. 26, §3—408, UCC Comment 2 (Smith-Hurd 1963).) Moreover, even if we were to conclude that value here meant consideration, the above-quoted phrase was handwritten and

therefore must be given effect over the printed statement in the note that value was received. (Ill. Rev. Stat. 1973, ch. 26, par. 3—118(b).) Thus, the instant instrument is one which on its face states that it was given only for affection and kindness.

■■ In Illinois a promissory note which sets forth facts showing that it was given for no other consideration but kindness and affection is unenforceable. (Ill. Rev. Stat. 1973, ch. 26, pars. 3—306(c), 3—408; *Meyer v. Meyer*, 379 Ill. 97, 104, 39 N.E.2d 311, 314 (1942); *Williams v. Forbes*, 114 Ill. 167 (1885); *Kirkpatrick v. Taylor*, 43 Ill. 207 (1867); *Chandler v. Illinois National Bank & Trust Co.*, 290 Ill. App. 509, 8 N.E.2d 705 (1937).) Nor does this note or the record indicate that the decedent executed it in satisfaction of any antecedent obligation she owed the claimant. We cannot agree with the claimant that the "particular kindness" bestowed upon the decedent by the claimant was an antecedent obligation within the meaning of section 3—408 of the Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 3—408). Since the claimant is the nephew of the decedent, the law presumes gratuitous any services rendered, absent proof of a contract to pay for such services. (*Meyer v. Meyer; In re Estate of White*, 15 Ill. App. 3d 200, 303 N.E.2d 569 (1973).) While kindness and affection is sufficient consideration to support a deed (*Klass v. Hallas*, 16 Ill. 2d 161, 157 N.E.2d 269 (1959); *Boryca v. Parry*, 24 Ill. 2d 320, 181 N.E.2d 124 (1962)), this rule is not applicable to a promissory note. (*Kirkpatrick v. Taylor.*) The latter instrument if not supported by consideration is deemed a promise to make an *inter vivos* gift until payment is made, and thus is revocable. This note then is also ambulatory and, alternatively, can be enforced as a testamentary gift only if executed in conformity with the requirements of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 43). The record, however, does not indicate that the instant note was so executed nor that it was intended as a testamentary disposition. Therefore, this instrument is invalid either as an *inter vivos* or a testamentary gift, and the claimant cannot enforce it against the maker's estate. *Hershe v. Estate of Rinkenberger*, 286 Ill. App. 494, 3 N.E.2d 953 (1936). See also *In re Ruebush's Estate*, 53 Ill. App. 2d 54, 202 N.E.2d 344 (1964); *Sucher v. Nabenkoegel*, 13 Ill. App. 2d 248, 141 N.E.2d 648 (1957); *In re Charters' Estate*, 333 Ill. App. 45, 76 N.E.2d 543 (1947).

For the foregoing reasons, the judgment of the Circuit Court of Randolph County is affirmed.

Affirmed.

EBERSPACHER and G. J. MORAN, JJ., concur.